**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BARTOLO INFANTE,** | § | |
| **TDCJ # 1188377,** | § | |
| | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-09-CA-111-XR** |
| **RICK THALER[1],** | § | |
| **Texas Department of Criminal Justice** | § | |
| **Correctional Institutions Division Director,** | § | |
| | § | |
| **Respondent** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**To:    Honorable Xavier Rodriguez**
**United States District Judge**

Pursuant to the informal referral in the above-styled and numbered cause of action to the

undersigned United States Magistrate Judge and consistent with the authority vested in United States

Magistrate Judges under the provisions of 28 U.S.C. § 636(b)(I)(B) and Rule 1(d) of the Local Rules

for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas,

the following report is submitted for your review and consideration.

**I.**

**PETITIONER'S § 2254 PETITION**

Petitioner Bartolo Infantes's 28 U.S.C. § 2254 habeas corpus petition challenges his

confinement pursuant to convictions for aggravated sexual assault and indecency with a child, for

which he received a sixty-year sentence and a twenty-year sentence in cause no. 02-09-0248-CRA

---

[1] Rick Thaler is now the Director of the Texas Department of Criminal Justice Correctional
Institutions Division, having replaced Nathaniel Quarterman.

in the 218th District Court of Atascosa County, Texas.  The specific grounds of error alledged

concern matters that arose at trial or on appeal.  Respondent has filed a motion to dismiss Petitioner

Bartolo Infante's 28 U.S.C. § 2254 habeas corpus petition as time-barred (Docket Entry # 13).

## II.

## THIS COURT HAS JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 2241, 2254, which provide that a state

prisoner's federal petition for a writ of habeas corpus may be filed in the federal district court in

which petitioner was convicted or the district in which he is incarcerated.  Petitioner is an inmate

currently incarcerated in the Texas Department of Correction - Institutional Division's Stiles Unit,

Jefferson County, Texas, but he was convicted and sentenced in Atascosa County, Texas.

## III.

## PETITIONER'S § 2254 PETITION IS BARRED BY THE STATUTE OF LIMITATIONS

## A.

## Statute of Limitations

Title 28 U.S.C. § 2244 states in relevant part:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The
limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;

> (C) the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Based on Petitioner's grounds for relief, § 2244(d)(1)(A) applies.

**B.**

**Petitioner's § 2254 Petition Is Untimely**

Petitioner was sentenced on August 7, 2003. The judgment was affirmed on appeal on October 8, 2004. *Infante v. State*, Nos. 04-03-682-CR (Tex. App. — San Antonio). The Texas Court of Criminal Appeals refused the petition for discretionary review on March 2, 2005. *Infante v. State*, PDR No. 1634-04 (Tex. Crim. App.). Petitioner states it was refused on April 7, 2005, but that was the date on which the mandate was issued by the court of appeals. Petitioner did not file a petition for writ of ceritiorari to the United States Supreme Court. Petitioner filed a state application for writ of habeas corpus. Although the state habeas corpus record does not show a filing date, it could not have been filed any earlier than October 2, 2007, the date on which Petitioner signed the habeas corpus application. It was denied on October 8, 2008. *Ex parte Infante*, Writ No. 70,530-01 (Tex. Crim. App.).

The judgment became final when the time for filing a petition for writ of certiorari expired, which was ninety days after the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). The petition for discretionary review was refused on March 2, 2005. The last day on which petitioner could have filed a petition for writ of certiorari was May 31, 2005. Therefore, the last day on which petitioner

could have timely filed a § 2254 habeas corpus petition was May 31, 2006, absent statutory or equitable tolling.  Petitioner filed a state habeas corpus application no earlier than October 2, 2007, but the one-year statute of limitations had expired by then.  Petitioner claims to have placed the § 2254 petition in the prison mailing system on December 17, 2008.   Taking that as the filing date, *see Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) ("a pro se prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing"), Petitioner's federal petition was not filed within the one-year limitations period.

## C.

### Petitioner Has Not Shown He Is Entitled to Equitable Tolling

The one-year limitations period can be equitably tolled when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ S. Ct. ___, 2010 WL 2346549 *12 (June 14, 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  Equitable tolling applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. *Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000).

Before requiring Respondent to respond to the petition, this Court ordered Petitioner to show cause why his petition should not be dismissed as time-barred (Docket Entry # 5).  Petitioner responded and he asks for equitable tolling (Docket Entry # 6).  Petitioner contends he was misled as to when his direct appeal and his petition for discretionary review were denied.  Petitioner asserts

he did not know whether or when his appeal had concluded, so he did not know when he could file a state habeas corpus application. Petitioner states that once he learned those facts, he promptly filed his state habeas corpus application.

Attached to the § 2254 petition is a letter from one of Petitioner's appellate attorneys in response to a complaint Petitioner lodged with the State Bar of Texas. Petitioner did not provide this Court with a copy of his complaint. Counsel's letter states Petitioner's petition for discretionary review was denied on April 7, 2005.[2] Petitioner's family members were provided with copies of all of the documents they requested on Petitioner's behalf. Because the charges against Petitioner involved child molestation, counsel did not believe that mailing the documents to Petitioner in prison was in Petitioner's best interest. Counsel relied on Petitioner's family to provide Petitioner with documents or information Petitioner desired. Petitioner was not fluent in English, so counsel believed it was illogical to mail documents to him. Counsel was not aware Petitioner's family did not provide Petitioner with the documents or information Petitioner wanted until counsel read Petitioner's complaint. Counsel also refers to telephone communications between Petitioner and counsel's Spanish-speaking assistant, but counsel does not set out the substance or timing of those communications. Petitioner wrote counsel a letter dated May 2, 2006, and counsel responded on May 10, 2006. Petitioner has not provided this Court with a copy of those letters. In the letter to the State Bar of Texas, counsel states that Petitioner's letter of May 2 indicated Petitioner's family had

---

[2] The petition for discretionary review was refused on March 2, 2005, and the mandate was issued on April 7, 2005. The March 2, 2005, date is the relevant date in calculating the statute of limitations under § 2244(d)(1), not the date on which mandate issues. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). However, the date of mandate is significant in Texas practice, because a state habeas corpus application may not be filed after an appeal has been taken until the mandate issues. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (citing *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)).

not provided him with information, but Petitioner's letter did not ask for any documents. In counsel's May 10th letter to Petitioner, counsel offered to forward any documents Petitioner wanted, but Petitioner did not thereafter request any documents. Petitioner does not dispute any of counsel's recitations in counsel's letter to the State Bar of Texas.

After Respondent filed the motion to dismiss, Petitioner filed a notice of appeal stating his petition should not be time-barred, because he received ineffective assistance of counsel. (Docket Entry # 14). However, his appeal was dismissed for lack of jurisdiction, because it was premature. (Docket Entry # 17).

Petitioner seeks equitable tolling due to counsel's failure to inform Petitioner in a timely manner that the petition for discretionary review had been refused. However, the letter from counsel responding to Petitioner's complaint to the State Bar of Texas does not show Petitioner is entitled to equitable tolling.

Counsel's letter to the State Bar of Texas states counsel kept Petitioner's family informed about the status of Petitioner's appeal. It was not until Petitioner's letter of May 2, 2006, that Petitioner informed counsel that Petitioner's family had not provided him with information about his case. Counsel communicated with Petitioner's family because Petitioner did not speak English and because counsel did not want to send documents reflecting the nature of the offenses to Petitioner in prison. Petitioner does not allege he was unaware counsel kept Petitioner's family informed about the appeal or that Petitioner had not agreed to that arrangement. Thus, Petitioner has not alleged facts showing entitlement to equitable tolling based on counsel's actions in that regard.

Moreover, according to counsel, although Petitioner's letter indicated his family had not provided him with information, Petitioner did not request any documents. Counsel offered to

forward any documents, but Petitioner did not make any such request.  Petitioner's exhibit in support of his request for equitable tolling (counsel's letter to the State Bar of Texas) suggests Petitioner was provided information by counsel in counsel's May 10th letter about the status of Petitioner's case, which would have necessarily included the fact that the petition for discretionary review had been denied in 2005.  More significantly, Petitioner has not provided this Court with facts concerning when and how he discovered his petition for discretionary review had been refused.  Thus, Petitioner has not carried his burden of establishing entitlement to equitable tolling.

Petitioner did not file his state habeas corpus application until October 2, 2007, at the earliest. Thus, after apparently receiving information from counsel's May 10, 2006, letter that his state appeal had ended, Petitioner waited over one year before filing his state habeas corpus application. Petitioner was not diligent.  Moreover, even if Petitioner were granted equitable tolling until May 10, 2006, when counsel sent his letter, more than one year expired before Petitioner filed his state habeas corpus application.  By then, the one-year statute of limitations for filing the § 2254 petition had expired, even accounting for equitable tolling.

## IV.

## RECOMMENDATION

Based on the foregoing, it is recommended that Petitioner's § 2254 petition be denied and this case be dismissed as barred by the statute of limitations. Additionally, for the foregoing reasons, Petitioner fails to make "a substantial showing of the denial of a federal right" as required by 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22 for a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *see also* Rules Governing Section 2254 Cases and Section 2255 Proceedings in the United States District Courts Rule 11(a).  Also for the same reasons,

Petitioner does not have a "good faith" non-frivolous issue for appeal as required for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is recommended that Petitioner be denied a certificate of appealability and Petitioner be denied leave to proceed in forma pauperis on appeal.

**V.**

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT/APPEAL**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either: (1) electronic transmittal to all parties represented by an attorney registered as a Filing User with the Clerk of Court pursuant to the Court's Procedural Rules for Electronic Filing in Civil and Criminal Cases; or (2) by certified mail, return receipt requested, to any party not represented by an attorney registered as a Filing User.

As provided in 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), any party who desires to object to this Report must **file** with the District Clerk and **serve** on all parties and the Magistrate Judge written Objections to the Report and Recommendation within 14 days after being served with a copy, unless this time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.

A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, a party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this

Report and Recommendation within 14 days after being served with a copy shall bar the aggrieved

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the District Court. *Acuna v. Brown & Root Inc.*,

200 F.3d 335, 340 (5th Cir. 2000); *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1428

(5th Cir. 1996).

      **SIGNED** on July 9, 2010.


_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE