IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BARTOLO INFANTE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-111-XR |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER ON MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

On this date, the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case (Docket No. 18).  After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation to deny Petitioner's petition for a writ of habeas corpus and that this case be dismissed because it is barred by the statute of limitations.

Any party who desires to object to a Magistrate Judge's findings and recommendation must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The Magistrate Judge issued her Report and Recommendation on July 9, 2010.  The Report and Recommendation was entered on the docket and Petitioner was served via the United States mail on the same day.  Accordingly, objections were due by July 26, 2010.  *See* FED. R. CIV. P. 6 (regarding computation of time).  Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.").

In this case, Petitioner Bartolo Infante seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for aggravated sexual assault and indecency with a child. Respondent Rick Thaler, Director of the Correctional Institutions Division of the Texas Department of Criminal Justice, moved to dismiss the petition as time-barred.[1] The Magistrate Judge noted that Infante's convictions became final on May 31, 2005, the last day that Petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Infante's petition for a writ of habeas corpus was due on May 31, 2006. Infante filed his petition for a writ of habeas corpus on December 17, 2008, after the deadline had expired. Petitioner provided no basis for equitable tolling. A letter from Infante's counsel in response to a complaint to the State Bar of Texas shows that Petitioner is not entitled to equitable tolling.

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's recommendations. The Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because it is time-barred. Respondent's motion to dismiss is GRANTED. A certificate of appealability is also DENIED. This Clerk is directed to close this case.

It is so ORDERED.

---

[1] Resp't's Mot. to Dismiss, Dec. 1, 2009 (Docket No. 13).

SIGNED this 28th day of July, 2010.

                                              XAVIER RODRIGUEZ
                                              UNITED STATES DISTRICT JUDGE